FREDERICK KAMMAN

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Sale of Liquors to Person in Habit of Getting Intoxicated—Indictment—Instructions—Question for Jury.*

1. In a prosecution for selling liquors to a person in the habit of getting intoxicated it is improper to instruct the jury that, when a person gets intoxicated from three to five times within two years, he is in law a person who is in the habit of getting intoxicated.

2. Whether a person is in the habit of getting intoxicated is a question of fact for the jury.

[Opinion filed December 9, 1887.]

APPEAL from the County Court of Kankakee County; the Hon. THOMAS S. SAWYER, Judge, presiding.

Compare the following case of *Birr* v. *People.*

Messrs. BARNUM, RUBENS & AMES, for appellant.

Mr. H. L. RICHARDSON, State's Attorney, for appellee.

BAKER, J.   Frederick Kamman was convicted in the County Court of Kankakee County, upon three counts of an indictment, two of which were for selling intoxicating liquors to Chauncey Donbridge, a person in the habit of getting intoxicated, and the other for selling such liquors to said Donbridge when he was intoxicated.

There was no evidence in the record of any sale by Kamman of liquor to Donbridge at a time when the latter was intoxicated, and therefore the conviction upon the third count of the indictment can not be sustained.

The fifth instruction for the people was as follows: "You are instructed that when a person gets intoxicated from three to five times in two years, then in law he is a person who is in the habit of getting intoxicated." The instruction was erroneous, as there is no such rule of law as that therein stated.

Whether or not a man is a person in the habit of getting intoxicated, is a question of fact for the jury to determine from the evidence in the particular case.

The sixth instruction for the people, as well as that above mentioned, plainly usurped the province of the jury, and was erroneous. It assumed to tell the jury that if Donbridge was drunk on several particular occasions that were specified in the instruction, "then that evidence proves that he was at the time of the sales a person in the habit of getting intoxicated."

Several of the other instructions given at the request of the prosecution were inaccurate, uncertain and ambiguous, but their defects can readily be remedied at another trial, and there is no necessity for particularly pointing them out.

For the errors mentioned, the judgment is reversed, and the cause remanded.